UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHRIS HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No: 5:12-CV-00440-XR |
| | ) |
| JP MORGAN CHASE N.A., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On this date, the Court considered Plaintiff's Motion to Remand (docket no. 8) in the above-numbered and styled case, filed June 20, 2012. Plaintiff Chris Howard filed this lawsuit in state district court. Defendant removed this case from state court on the basis of diversity jurisdiction. Plaintiff filed an amended complaint and contends that the amount in controversy is now insufficient to support diversity jurisdiction. After careful consideration, the Court will DENY Plaintiff's motion to remand.

To establish federal diversity jurisdiction, the removing party must show that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy is determined *at the time of removal*. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

Plaintiff contends that remand is required because Plaintiff amended his complaint to remove all claims for damages. Accordingly, Plaintiff argues that this Court now lacks diversity jurisdiction because the amount in controversy no longer exceeds $75,000. However, Plaintiff misunderstands the nature of this Court's removal jurisdiction. As noted above, diversity jurisdiction is determined

1

by the pleadings at the time of removal. It is well-established law that a plaintiff's post-removal amendments to his complaint to reduce the amount in controversy below $75,000 do not deprive the court of jurisdiction. *See, e.g.*, *Choate v. State Farm Mut. Auto Ins. Co.*, 62 F.3d 395, *3 (5th Cir. 1995) ("Because State Farm properly removed Choate's suit to federal court, Choate cannot defeat removal by attempting to amend her pleadings to reduce the amount in controversy below the required sum."). Thus, so long as the pleadings demonstrated the existence of diversity jurisdiction at the time of removal, this Court has and continues to have diversity jurisdiction regardless of the filing of the amended complaint to reduce the amount in controversy.

In its Notice of Removal, Defendant noted that Plaintiff sought declaratory and injunctive relief to prevent foreclosure of Defendant's property. "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 (5th Cir. 1996) (quoting *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983)). Defendant also asserted that the fair market value of the property, as shown by tax assessor records, exceeds $75,000. If a defendant establishes "by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount," a plaintiff may defeat removal only by establishing to a legal certainty that his or her recovery will not exceed the statutory threshold. *In re: 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009). Plaintiff has not challenged these jurisdictional facts, nor has Plaintiff shown to a legal certainty that the amount in controversy at the time of removal did not exceed $75,000.

## Conclusion

Plaintiff's motion to remand (docket no. 8) is DENIED. Because Plaintiff admits that the

amended complaint was filed to defeat jurisdiction and this attempt is unsuccessful, Plaintiff may withdraw the amended complaint if he so chooses.

It is so ORDERED.

SIGNED this 25th day of June, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE